IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
Civil Action, Case _____ - "EFC" Case

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PATRICIA WEISS,
                Plaintiff,

-against-

EASTCHESTER HOUSING CHOICE
VOUCHER PROGRAM, and
KAREN GIZZO, Administrator of
Housing, for the Eastchester Housing
Choice Voucher Program,
                Defendants.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**08 CIV. 7727**

**JUDGE SEIBEL**

## VERIFIED COMPLAINT

Plaintiff, Patricia Weiss, by and through her undersigned attorneys, file this Complaint seeking declaratory and injunctive relief and damages against the Eastchester Housing Choice Voucher Program and for grounds state:

## PRELIMINARY STATEMENT

1. This action seeks to redress the loss of the Plaintiff's valuable property interest in her Section 8 housing choice voucher, which was taken in breach of the statutory scheme and in violation of due process as provided for and secured by the United States Constitution, the United States Housing Act of 1937, as amended, by 42 U.S.C. § 1437 *et seq.*, federal regulations promulgated by the United States Department of Housing and Urban Development ("HUD"), and the Defendants' own written policies and procedures as set forth in its Administrative Plan.

2. The Plaintiff is a participant in a federal housing assistance program commonly referred to as "Section 8".

1

3. The Defendant, the Eastchester Housing Choice Voucher Program, administers the Section 8 program within the Town of Eastchester.

4. After receiving a communication from the Plaintiff's landlord, the Defendant, without any legal authority, ordered the Plaintiff to sign a voucher and move by May 31, 2008.

5. The Plaintiff did not sign the voucher nor did she move.

6. As a consequence, the Defendant terminated her housing assistance on May 31, 2008.

7. After the Defendant terminated the housing subsidy on May 31, 2008, the Plaintiff's landlord sent the Plaintiff and the Defendant a notice terminating her tenancy, effective July 31, 2008.

8. In August 2008, the Plaintiff's landlord commenced a summary proceeding in Tuckahoe Village Court seeking to evict the Plaintiff. This action is still pending.

9. The Plaintiff seeks declaratory and injunctive relief to secure her rights under the United States Constitution and federal law.

10. The Plaintiff seeks declaratory relief declaring that the actions of the Defendant violated her rights under the United States Constitution and federal law.

11. The Plaintiff seeks a permanent injunction ordering the Defendant to reinstate her housing assistance retroactive to May 31, 2008 and ordering the Defendant to refrain from taking any further action denying, limiting or terminating the Plaintiff's participation in the Section 8 program without due process.

12. The Plaintiff seeks actual damages for having her housing assistance terminated without due process and in violation of her constitutional rights and federal law.

## **JURISDICTION**

13. This court has jurisdiction pursuant to 28 U.S.C. §1331 in that it has original jurisdiction over all civil actions arising under the Constitution, laws or treaties of the United States.

14. The Plaintiff's claims are authorized by 42 U.S.C. §1983 and §1988 and declaratory relief is sought pursuant to 28 U.S.C. §2201 and §2202.

## VENUE

15. Venue properly lies within the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391(b) in that the Plaintiff resides within the County of Westchester, State of New York, and the Defendants have offices within the County of Westchester, State of New York, which is within the jurisdiction of the Southern District of New York.

## PARTIES

16. Patricia Weiss (hereinafter "Ms. Weiss" or "Plaintiff") is a citizen of the United States, and at all times relevant, resides in Tuckahoe, New York. Ms. Weiss was a participant in the Eastchester Housing Choice Voucher Program.

17. The Eastchester Housing Choice Voucher Program (hereinafter "EHA" or "Defendant") is a unit of local government, which operates the Section 8 program for eth Town of Eastchester. The Defendant, Karen Gizzo, is the Administrator of Housing for the EHA and is sued in her official capacity.

## CONSITUTUIONAL, STATUTORY AND REGULATORY SCHEME

### A. The Section 8 Tenant –Based Assistance Housing Choice Voucher Program

18. Under Section 8 of the United States Housing Act of 1937, Congress enacted a variety of programs to promote the goal of providing an adequate supply of decent and affordable housing of low-income families. 42 U.S.C. §1437(f).

3

19. The United States Department of Housing and Urban Development ("HUD") provides funding for Section 8 programs, which are administered either directly by HUD or through state, regional or local housing agencies known as public housing agencies ("PHA's").

20. HUD enters into annual contributions contracts ("ACC") with PHAs under which HUD agrees to make payments to PHAs to cover housing assistance payments made to private owners on behalf of low-income families who participate in a Section 8 program. PHAs agree to administer the program in accordance with HUD regulations and requirements.

21. Federal regulations for the Section 8 Housing Choice Voucher Program ("Section 8") are set forth at 24 C.F.R. § 982.

22. Under the program, an eligible family obtains a voucher from the PHA, locates a rental unit in the private market of existing housing within size and rental limits set by the PHA, and submits a request for lease approval to the PHA.

23. If the PHA approves the unit, the family executes a lease with the private owner. The owner and the PHA also execute a Housing Assistance Payments Contract, also known as a "HAP contract".

24. Participants in the Section 8 program receive a rental subsidy that helps them to pay for otherwise unaffordable rental housing on the private market. The participant family pays the landlord approximately 30% of their adjusted monthly income as their portion of the rent.

25. On behalf of the participant, the PHA, pursuant to the HAP Contract with the owner, pays the difference between the tenant's portion of the rent and the total contract rent defined in the lease. This payment by the PHA is called the "Housing Assistance Payment."

26. The "Housing Assistance Payment" plus the participant's portion of the rent always equals the total rent for the housing unit.

27. When a participant decides to move, the participant can take the Section 8 voucher and use it to rent new housing.

28. Because of an extreme shortage of affordable housing, Section 8 vouchers are a highly valued benefit among low-income individuals and families.

### B.   Federal Regulations and the Section 8 Administrative Plan

29. Every PHA must administer its Section 8 program in accordance with its Section 8 Administrative Plan. 24 C.F.R. 982.54(c). The Section 8 Administrative Plan must be in accordance with HUD regulations and requirements. 24 C.F.R. 54(b).

30. §1.8 of the Defendant's Administrative Plan, entitled, Eastchester Housing Authority Responsibilities, states, that "(t)he Eastchester Housing Authority will comply with the consolidated ACC, the application, HUD regulations and other requirements, and the Eastchester Housing Authority Section 8 Administrative Plan."

31. § 17.0 of the Defendant's Administrative Plan, entitled, Termination of the Lease and Contract, states the following:

> The term of the lease and the term of the HAP contract are the same. They begin on the same date and they end on the same date. The lease may be terminated by the owner, by the tenant, or by the mutual agreement of both. The owner may only terminate the contract by terminating the lease. The Eastchester Housing Authority may terminate the HAP contract. Under some circumstances the contract automatically terminates.

32. § 17.0 (A)(2)(d), of the Defendant's Administrative Plan states, in pertinent part, that an "owner may terminate the contract at the end of the initial lease term or any extension of the lease term without cause by providing notice to the family that the lease term will not be renewed."

5

receipt, it cannot be terminated without due process under the Fourteenth Amendment to the United States Constitution.

43. Procedural due process requirements for Section 8 participants are expressly incorporated into federal regulations at 24 C.F.R. 982. HUD promulgates a final rule prescribing the minimum elements of a PHA procedure for participants in 1984. *See* 49 FR 12215 (March 29, 1984). Under this rule, as amended in 1990, "PHAs must adopt written informal predetermination hearing procedures for participants, which fully meet the requirements of Goldberg v. Kelly." *See* 55 FR 28538 at 28541 (July 11, 1990).

44. Participants in the Section 8 programs are entitled to an informal hearing whenever a PHA makes a determination to terminate assistance for a participant because of a family action or failure to act. 24 C.F.R. 982.555(a)(1)(v); 24 C.F.R. 552.

45. The Section 8 Administrative Plan must include PHA polices on terminating a participant from the program and the informal hearing procedures for participants. 24 C.F.R. 982.54(d)(13)

46. The Defendant must comply with the rules, standards, and policies established in its PHA Plan, and must administer its Section 8 program in accordance with its Section 8 Administrative Plan.

## FACTS

47. Ms. Weiss is 52 years old and lives alone.

48. The Eastchester Housing Choice Voucher Program ("EHA") is the PHA, which operates the Section 8 program for the Town of Eastchester.

49. Ms. Weiss has resided in her current apartment since July 2002. During this time her rent was subsidized until the Defendant terminated her voucher on May 31, 2008.

50. The monthly rent for Ms. Weiss's apartment is $1,080.00. The EHA is supposed to pay $847.00 towards the monthly rent to the landlord, while the Westchester County Department of Social Services pays the remaining balance of $233.00 on behalf of Ms. Weiss directly to the landlord.

51. Ms Weiss has various medical problems including, but not limited to, emphysema, Hepatitis C, anemia, high blood pressure, which impair her physically.

52. By letter, dated, April 15, 2008, the EHA demanded that Ms. Weiss sign a voucher to move and vacate her apartment by May 31, 2008 because of a communication that the EHA received from her landlord. In the letter, the EHA threatened that if Ms. Weiss did not move by May 31, 2008, she would lose her Section 8 voucher. A copy of the letter is attached as **Exhibit A**.

53. Subsequently, by letter dated, April 24, 2008 the EHA again threatened to terminate Ms. Weiss' housing subsidy if she didn't sign and return a voucher to move. A copy of this letter is attached as **Exhibit B**.

54. Finally, by letter dated May 19, 2008 the EHA terminated Ms. Weiss from the Section 8 program and ended her rental subsidy, effective May 31, 2008 because she didn't sign and return the voucher to move. A copy of this letter is attached as **Exhibit C**.

55. However, there is no legal authority for the EHA to issue a voucher and order a Section 8 participant to move after receiving a directive from a Section 8 participant's landlord.

56. Ms. Weiss denies receiving any of these letters and only learned that she had been terminated from the program after speaking with the Administrator of Housing, Karen Gizzo, of the Defendant on or about June 1, 2008.

57. After the EHA terminated Ms. Weiss from the Section 8 program, Ms. Weiss' landlord served her and the Defendant with a notice dated June 9, 2008 terminating her tenancy effective July 31, 2008. A copy of this notice is attached as **Exhibit D**.

58. Subsequently, Ms. Weiss was served with a Notice of Petition and Petition, dated August 5, 2008, seeking possession of her apartment and to appear in court on August 19, 2008. This matter has been adjourned to Tuesday, September 2, 2008 for a trial.

59. After Ms. Weiss learned that her voucher had been terminated she contacted Legal Services of the Hudson Valley ("LSHV") and requested legal assistance. After reviewing Ms. Weiss' Section 8 file, LSHV sent a letter dated August 7, 2008 to Karen Gizzo, Administrator of Housing for the EHA. A copy of the letter is attached as **Exhibit E**. The letter questioned the basis for Ms. Weiss' termination from the Section 8 program given that Ms. Weiss did not request a voucher to move nor had she received notice from the landlord terminating her tenancy pursuant to the lease and applicable state law. The LSHV letter also advised Ms. Gizzo that the notice terminating Ms. Weiss from the Section 8 program and offering her an informal hearing lacked a complete address. A copy of the envelope, which was returned to the Defendant is attached as **Exhibit F**.

60. In response, by letter, dated August 18, 2008, the EHA refused to grant Ms. Weiss a hearing "(b)ased upon the history of non-compliance by Ms. Patricia Weiss of the Town of Eastchester's Housing Choice Voucher Program Obligations of participants...." A copy of the letter is attached as **Exhibit G**.

61. By improperly terminating Ms. Weiss' from the Section 8 program and refusing to grant her a hearing, Ms Weiss has been deprived of an important governmental benefit and a

meaningful opportunity to be heard in violation of due process, the Housing Act of 1937, HUD regulations and the EHA's own policies.

62. Without a Section 8 housing subsidy, Ms. Weiss is unable to rent another apartment and move. In all likelihood, she will be evicted from her current apartment and rendered homeless.

63. As a consequence of the loss of her housing subsidy, Ms. Weiss is suffering from severe stress and anxiety.

## AS FOR A FIRST CAUSE OF ACTION

**EHA's Actions and Omissions Violate the United States Housing Act of 1937, as Amended, 42 U.S.C. §§ 1437 ET SEQ., HUD Regulations at 24 C.F.R §982.555 and the Defendant's Administrative Plan**

64. The Plaintiffs repeat, re-allege and incorporate by reference each and every allegation contained in paragraphs 1 through 63 of this Complaint, as though fully set forth herein.

65. In terminating Ms. Weiss from the Section 8 program without any basis in legal authority, the Defendants have violated 24 C.F.R. §982.555 and the EHA's Administrative Plan, Section 15.0.

## AS FOR A SECOND CAUSE OF ACTION

**Violation of Plaintiff's Right to Procedural Due Process Pursuant to the 14TH Amendment of the United States Constitution (42 U.S.C. §1983)**

66. The Plaintiffs repeat, re-allege and incorporate by reference each and every allegation contained in paragraphs 1 through 63 of this Complaint, as though fully set forth herein.

67. The due process clause of the United States Constitution requires that a Section 8 participant be given an informal hearing *before* termination of the housing assistance. See Basco v. Machin, 514 F.2d 1177, 1182 (11th Cir. 2008); Goldberg v. Kelly, 397 U.S.254, 266 (1970).

68. The federal regulations governing the Section 8 program's informal hearings, 24 C.F.R. §982.555, require a PHA to give the opportunity for a hearing *before* the PHA terminates its housing assistance.

69. The Defendant failed to properly notify the Plaintiff that she was entitled to a hearing and has refused requests to conduct an informal hearing.

70. The Defendant's termination of the Plaintiff from the Section 8 program, therefore, violates the Plaintiff's right to the due process of law under the Fourteenth Amendment of the United States Constitution and constitutes a deprivation under color of State law of rights, privileges, or immunities secured by the laws of the United States of the United States Housing Act of 1937, as amended, 42 U.S.C. §1437(f), and the applicable federal regulations found at 24 C.F.R. §982.555.

    WHEREFORE, the Plaintiff respectfully requests this Court to:

A. Assume jurisdiction over this action;

B. Pursuant to 28 U.S.C. §2201 and Fed.R.Civ.P. 57, enter a judgment declaring that the Defendants, by improperly terminating the Plaintiff's Section 8 housing assistance and without giving her an informal hearing violated the Plaintiff's right to due process under the Fourteenth Amendment of the United States Constitution, as well as, the statutes and regulations governing the Section 8 program;

C. Pursuant to 28 U.S.C. §2202, 42 U.S.C. §1983 and Fed.R.Civ.P. 65, enter a temporary restraining and both preliminary and permanent injunctions ordering the

Defendant to reinstate the Plaintiff's Section 8 housing assistance retroactive to May 31, 2008, ordering the Defendant to make Housing Assistance payments to the Plaintiff's landlord for the time that she has and will reside in the apartment, and ordering the Defendant to timely process any and all documents necessary for the Plaintiff to obtain new housing using her Section 8 voucher.

D. Declare that the Defendant's practice of issuing vouchers to Section 8 participants to move at a landlord's request violates federal regulations;

E. Award the Plaintiff damages including actual and compensatory damages for any losses incurred as a result of the termination of her Section 8 benefits;

F. Grant the Plaintiff reasonable costs pursuant to 42 U.S.C. 1988, and Fed.R.Civ.P 54(d), and;

G. Grant such other and further relief as the Court deem just and equitable.

Respectfully submitted,

LEGAL SERVICES OF THE HUDSON VALLEY

Brendan Newcomb, of Counsel
Attorney Bar # BN2604
Legal Services of the Hudson Valley
30 South Broadway, 6th Floor
Yonkers, NY 10701
Tel.: (914) 376-3757
Email: bnewcomb@lshv.org

13

**Defendants:**

Eastchester Housing Choice Voucher Program
40 Mill Road, Room 202
Eastchester, New York 10709

Karen Gizzo, Administrator of Housing
Town of Eastchester
40 Mill Road, Room 202
Eastchester, New York 10709

**Attorney for Defendants:**

Louis Reda, Town Attorney
Town of Eastchester
40 Mill Road
Eastchester, New York 10709
Telephone: (914) 771-3325
E-mail: legal@eastchester.org

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

| | | |
|---|---|---|
| Postage | $ .41 | 4/24/08 |
| Certified Fee | 2.65 | Postmark Here |
| Return Receipt Fee (Endorsement Required) | 2.15 | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ 5.21 | |

Sent To: Patricia Weiss
Street, Apt. No.; or PO Box No.: 76 Wallace St #6F
City, State, ZIP+4: Tuckahoe NY 10707

PS Form 3800, June 2002      See Reverse for Instructions

---

TOWN OF EASTCHESTER
1664

OF EASTCHESTER
Eastchester, New York 10709
ww.eastchester.org

Administrator of Housing
KAREN GIZZO

(914) 771-3310
(914) 771-3378 FAX

section8@eastchester.org

& CERTIFIED MAIL: 7006 0100 0006 1066 8357

76 Wallace Street, Apt. 6F
Tuckahoe, NY 10707

Dear Ms. Weiss:

This letter is in reference to the notice sent to you via certified and first class mail on April 15, 2008. In that letter, you were requested to sign your Housing Voucher and return it to this office.

To date, I have not received your Housing Voucher and I have not heard from you. Your phones are disconnected and there is no other way for this office to communicate with you.

Please understand that you must submit the Housing Voucher to this office no later than April 30, 2008. Your Housing Voucher is in jeopardy.

**Receipt of the paperwork requested must be received no later than April 30, 2008 at 12pm.** If you do not comply with this notice, you will be sent a termination notice and your rental assistance provided by the Town of Eastchester Housing Choice Voucher Program will cease on May 31, 2008 for violating the rules and regulations of the Town of Eastchester Housing Choice Voucher Program Administrative Plan.

Very truly yours,

Karen Gizzo

Karen Gizzo
Administrator of Housing

Pc.    Louis Reda, Town Attorney
       File



Equal Housing Opportunity

Due to your failure to comply with these obligations, your Housing Voucher administered by the Town of Eastchester Housing Choice Voucher Program is terminated effective May 31, 2008.

As stated in Paragraph 16.3 Section (A) Paragraph (1) (e) of the Town of Eastchester's Housing Choice Voucher Program Administrative Plan, if you do not agree with this decision, you have the right to request an Informal Hearing for appeal no later than 4:30pm on June 3, 2008 (10 business days from date of this notice at end of office business day) to be scheduled in this office. At the time of contact (only by the date given), the hearing will be scheduled prior to the termination date of your Housing Voucher. If and when you contact this office to request your Informal Hearing, you must notify this office if you plan on having any legal representation or witnesses to speak on your behalf.

Very truly yours,

Karen Gizzo
Administrator of Housing

Pc.   Louis Reda, Town Attorney
      Josephine Cermele
      File

Exhibit D

Blumbergs Law Products

D-30P — Thirty Days Notice Terminating Monthly Tenancy or Tenancy from Month to Month: 6-2000
(In N.Y.C. serve in same manner as Notice of Petition)

© 2000 by Blumberg Excelsior, Inc., NYC 10013
www.blumberg.com

June 9, 2008

Re: Premises: 76 Wallace Street, Tuckahoe, New York 10707
rooms   floor   side   Apt. No. 6F
at
used for  ☐ Business  ☒ Dwelling purposes.

TO:

          Tenant    and,    Undertenant*

Ms. Patricia Weiss
76 Wallace Street, Apt. 6F
Tuckahoe, New York 10707

*First name of Tenant and/or Undertenant being fictitious and unknown to petitioner, person intended being in possession of the premises herein described

or assigns, and every person in possession of the premises.

You are hereby notified that the Landlord elects to terminate your tenancy of the above described premises now held by you under monthly hiring. Unless you remove from the said premises on July 31, 2008 , the day on which your term expires, the Landlord will commence summary proceedings under the Statute to remove you from said premises for the holding over after the expiration of your term and will demand the value of your use and occupancy of the premises during such holding over.



Dated: June 9, 2008

          *Josephine Cermele* _____Landlord
          JOSEPHINE CERMELE

          _____Agent

          _____Address

* Use window envelope if mailed to tenant.
  Use ordinary envelope if mailed to undertenant.



**TOWN OF EASTCHESTER**
Housing Voucher Program
40 Mill Road
Eastchester, N.Y. 10709

7006 0100 0006 1066 8418

May 19, 2008

**VIA FIRST CLASS & CERTIFIED**
Ms. Patricia Weiss
76 Wallace Street, Apt. 6F

$ 05.32
MAY 19 2008
MAILED FROM ZIP CODE 10709

NIXIE     105   CC  1      74  05/07/08
RETURN TO SENDER
UNCLAIMED
UNABLE TO FORWARD

BC: 10094
*1450-23571-19-39